1  IGNACIO E. SALCEDA, State Bar No. 164017
   BETTY CHANG ROWE, State Bar No. 214068
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5  Email: isalceda@wsgr.com
   Email: browe@wsgr.com
6
   Attorneys for Defendant
7  RF Micro Devices, Inc.

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11  PHILLIP CHUANZE LIAO and YEECHIN   )   CASE NO.: C-08-02587 HRL
    SHIONG LIAO,                       )
12                                     )   **DEFENDANT RF MICRO**
              Plaintiffs,              )   **DEVICES, INC.'S ANSWER TO**
13                                     )   **COMPLAINT**
         v.                            )
14                                     )
    RF MICRO DEVICES, INC., a North Carolina  )
15  corporation, and DOES 1 through 50, inclusive,  )
                                       )
16            Defendants.              )
                                       )
17  _____)

1    Defendant, RF Micro Devices, Inc. ("RFMD") hereby answers the complaint as follows. Any averment, contention, or allegation in the complaint not unequivocally admitted by RFMD is denied.

1. RFMD admits the allegations in paragraph 1 of the complaint.

2. RFMD admits that it merged with Sirenza Microdevices, Inc. ("Sirenza") on November 13, 2007.  Except as expressly admitted, RFMD denies each and every other allegation in paragraph 2 of the complaint on the grounds that said allegation states legal conclusions.

3. RFMD admits the allegations in paragraph 3 of the complaint, except RFMD denies that its principal place of business is at 7625 Thorndike Road.

4. RFMD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the complaint, and therefore denies them.

**FACTUAL BACKGROUND**

5. RFMD admits that plaintiffs were shareholders of Premier Devices, Inc. ("Premier") in 2005, and that Premier designed, manufactured and marketed a broad range of radio frequency components for wireless and other communication network applications.  Except as expressly admitted, RFMD lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation in paragraph 5 of the complaint, and therefore denies them.

6. RFMD admits that Sirenza was a supplier of radio frequency components.  Except as expressly admitted, RFMD lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation in paragraph 6 of the complaint, and therefore denies them.

7. RFMD admits that Sirenza entered into an Agreement and Plan of Merger with Premier in 2006 ("Merger Agreement"), which merger was consummated in 2006 ("Merger"). Except as expressly admitted, RFMD lacks knowledge or information sufficient to form a belief as to the truth of each and every other allegation in paragraph 7 of the complaint, and therefore denies them.

1     8.    RFMD admits that plaintiffs entered into a Registration Rights Agreement (the "Contract") dated February 4, 2006 in connection with the Merger and that a copy of the Contract, which is not a complete copy, is attached as Exhibit A to the complaint. Except as expressly admitted, RFMD denies each and every other allegation in paragraph 8 of the complaint.

    9.    RFMD denies the allegations in paragraph 9 of the complaint, as stated. RFMD admits that the Merger Agreement provides that the parties shall use its respective reasonable best efforts to, among other things, remove any injunctions or other impediments or delays in order to consummate and make effective the transactions contemplated by the Merger Agreement. Except as expressly admitted, RFMD denies each and every other allegation in paragraph 9 of the complaint.

    10.    RFMD admits the allegations in paragraph 10 of the complaint, except RFMD denies the allegation that the stock issuance was made pursuant to the Contract.

    11.    RFMD admits the allegations in paragraph 11 of the complaint.

    12.    RFMD admits the allegations in paragraph 12 of the complaint.

### First Cause of Action

### Breach of Contract

    13.    RFMD incorporates by reference its responses to paragraphs 1 through 12.

    14.    RFMD admits the allegations in paragraph 14 of the complaint.

    15.    RFMD denies the allegations in paragraph 15 of the complaint.

    16.    RFMD denies the allegations in paragraph 16 of the complaint.

    17.    RFMD denies the allegations in paragraph 17 of the complaint.

    18.    RFMD denies the allegations in paragraph 18 of the complaint.

### Second Cause of Action

### Breach of the Implied Covenant of Good Faith and Fair Dealing

    19.    RFMD incorporates by reference its responses to paragraphs 1 through 18.

    20.    RFMD denies the allegations in paragraph 20 of the complaint.

    21.    RFMD denies the allegations in paragraph 21 of the complaint.

1    22.    RFMD denies the allegations in paragraph 22 of the complaint.

2    23.    RFMD denies the allegations in paragraph 23 of the complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs have failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by waiver and/or estoppel. Plaintiffs signed a Waiver to Registration Rights Agreement, dated June 9, 2006, which expressly waives the claims alleged in the complaint. A true and correct copy of the Waiver to Registration Rights Agreement is attached as Exhibit A. Plaintiffs' conduct, actions, omissions and/or communications further waive plaintiffs' claims.

### Third Affirmative Defense

Plaintiffs' claims are barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

Plaintiffs' alleged damages, which RFMD denies, are due, in whole or in part, to Plaintiffs' negligence.

### Fifth Affirmative Defense

Plaintiffs have failed to mitigate damages, if any.

## RESERVATION OF RIGHTS

RFMD has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery.

**PRAYER FOR RELIEF**

WHEREFORE, RFMD respectfully prays as follows:

1. That the Court dismiss the complaint against RFMD with prejudice;

2. That plaintiffs take nothing in this action.

3. That the Court award RFMD its reasonable attorneys' fees and costs.

4. That the Court aware RFMD such further relief as it may deem proper and just.


Dated:  June 2, 2008                                    WILSON SONSINI GOODRICH & ROSATI
                                                        Professional Corporation


                                                        By: /s/  Ignacio E. Salceda
                                                              Ignacio E. Salceda

                                                        Attorneys for Defendant RF Micro Devices, Inc.

# EXHIBIT A

# WAIVER TO
# REGISTRATION RIGHTS AGREEMENT

THIS WAIVER TO REGISTRATION RIGHTS AGREEMENT (this "**Waiver**") is made of June 9, 2006, by Phillip Chuanze Liao and Yeechin Shiong Liao (collectively, the "**Security Holders**"), with Phillip Chuanze Liao acting as attorney-in-fact for Yeechin Shiong Liao pursuant to Section 3.11 of the Registration Rights Agreement (defined below), and shall be effective on such date. Except as otherwise set forth herein, capitalized terms used herein shall have the meanings ascribed to them in the Registration Rights Agreement.

WHEREAS, Sirenza Microdevices, Inc., a Delaware corporation (the "**Company**"), and the Security Holders are parties to a Registration Rights Agreement dated as of February 4, 2006 (the "**Registration Rights Agreement**"), which provides that, among other things, the Company shall use its commercially reasonable efforts to: (i) prepare and file with the Commission the Registration Statement covering the resale of all Registrable Securities held by the Security Holders; (ii) cause the Registration Statement to be declared effective by the Commission as promptly as possible after the filing thereof; and (iii) keep the Registration Statement continuously effective under the Securities Act for the period set forth;

WHEREAS, the Company, the Security Holders and certain other affiliates of the Company have agreed to file a registration statement covering the issuance and sale of certain shares of Common Stock by the Company to the public and the resale of certain shares of Common Stock held by the Security Holders and certain other affiliates of the Company to the public (the "**Public Offering**").

NOW, THEREFORE:

1.  In order to facilitate the Public Offering, except as otherwise set forth below, the Security Holders hereby waive their rights set forth in Section 2.1 and Section 2.2 of the Registration Rights Agreement, including without limitation, such rights with respect to the obligations of the Company to prepare and file with the Commission the Registration Statement, to cause the Registration Statement to be declared effective by the Commission as promptly as possible after the filing thereof and to keep the Registration Statement continuously effective under the Securities Act for the period set forth; *provided, however,* that the foregoing rights of the Security Holders shall continue in full force and effect, and the Company shall be obligated to file the Registration Statement and otherwise take all such other actions as may be required pursuant to Section 2.1 and Section 2.2 of the Registration Rights Agreement, within five Business Days of either: (1) the later of (a) 90 days after the date of the final prospectus filed with the Commission pursuant to Rule 424 under the Securities Act, and included as part of the registration statement that is filed with the Commission in connection with the Public Offering; and (b) January 1, 2007; or (2) the date on which the Company shall have delivered written notice to the Security Holders and the underwriters in connection with the Public Offering, including Morgan Stanley & Co. Incorporated, to the effect that the Company shall have determined to indefinitely postpone or otherwise terminate the Public Offering (whichever such date with respect to (1) and (2) above shall have occurred earliest.

2.      This Waiver has been delivered pursuant to and in compliance with the provisions of the Registration Rights Agreement, including without limitation, Section 3.2 (delivery of notices, requests, demands, and other communications) and Section 3.11 (appointment of Seller as Agent).

3.      Except as otherwise set forth herein, all provisions of the Registration Rights Agreement shall otherwise remain in full force and effect, and such provisions shall apply to this Waiver if, and to the extent that, any such provision shall be in conflict with or contrary to any provision contained herein.

WHEREAS, the Security Holders have each duly executed this Waiver on the date first set forth above.

**ACKNOWLEDGED AND AGREED:**

**SECURITY HOLDERS**

_____
Phillip Chuanze Liao, for himself and as attorney-in-fact for Yeechin Shiong Liao